UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAJAI CALIP,

        Plaintiff,

    v.

M.E.I.C., et al.,

        Defendants.

Case No. 15-cv-02357-MEJ

**ORDER RE: IN FORMA PAUPERIS APPLICATION**

## INTRODUCTION

On May 27, 2015, pro se Plaintiff Tajai Calip filed a Complaint against Defendants "Dr. Brooks" and insurance company "M.E.I.C." for the death of her infant daughter, as well as an Application to Proceed In Forma Pauperis ("IFP"). Having carefully reviewed Plaintiff's Application and relevant legal authorities, the Court requires additional information before determining whether Plaintiff may proceed IFP.

## BACKGROUND

**A.   The Complaint**

Plaintiff alleges that Dr. Brooks' late arrival to her scheduled labor and delivery caused the death of her infant daughter. Compl. at 1-2. She now seeks damages from Dr. Brooks and his insurance company, M.E.I.C, in the amount of $10 million. *Id*. at 2-3. Additionally, Plaintiff alleges that she appeared before a superior court judge for mediation, but she does not explain the current status of that mediation or whether she has a state court action related to this matter. *See id*. at 2-3.

**B.   In Forma Pauperis Application**

Plaintiff has also submitted an IFP application, declaring that she is unable to pay the costs of this action because of her poverty. Application ("Appl.") at 1. She states that she is employed,

working at Tag Mobile and also collecting ballot petitions, but she also answers questions intended for the unemployed. *Id.* at 1-2. She does not specify how much she gains from employment, "Business, Profession or self employment" or in other government welfare or benefits. *Id*. at 2.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action. *See* 28 U.S.C. § 1915(a)(1). The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948). However, "[c]ourt permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).

To determine IFP eligibility, an applicant must "submit[ ] an affidavit that includes a statement of all assets such [person] . . . possesses that the person is unable to pay such fees or give security therefor . . . ."[1] 28 U.S.C. § 1915(a)(1). To satisfy this requirement, "an affidavit [of poverty] is sufficient which states that one cannot because of his [or her] poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339. The Ninth Circuit has held that "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, ___ F.3d ___, 2015 WL 3499902, at *7 (9th Cir. June 4, 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam), *cert. denied*, 455 U.S. 958, (1982)). The Court has discretion to make a factual inquiry into an IFP applicant's financial status and to deny the application where the applicant is unable or unwilling to verify his or her poverty. *McQuade*, 647 F.2d at 940.

---

[1] This information is also needed to determine whether partial payment is necessary. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (recognizing a district court's power to require partial payment of fees under 28 U.S.C. § 1915).

2

**DISCUSSION**

Although Plaintiff asserts that she is too impoverished to afford the payment of the requisite filing fees to commence her lawsuit, she has failed to support her declaration: she omits several key pieces of financial information, and in some places provides inconsistent answers. *See* Appl. at 1-2. This is insufficient to establish that she may proceed IFP. *See McQuade*, 647 F.2d at 940.

For instance, in *Contreras v. Vazquez*, the court denied plaintiff's unsigned IFP application because he failed to specify his income. 2008 WL 4925024, at *1 (S.D. Cal. Nov. 14, 2008). The court ruled that his application, "even if taken at face value," was insufficient to claim indigency because he did not specify his expenses or income. *Id*. (citing *McQuade*, 647 F.2d at 940). Accordingly, the court denied his application under § 1915. *Id*.; *see also Franklin v. U.S. Bank Nat'l Ass'n*, 2010 WL 2197349, at *1 (S.D. Cal. May 28, 2010) (denying IFP application and finding plaintiff's financial status "unascertainable" because plaintiff failed to provide evidence meeting the Ninth Circuit's "particularity, definiteness, and certainty" standard); *Sidman v. Young Bros., Ltd.*, 2015 WL 1259157, at *2 (D. Haw. Mar. 17, 2015) (denying IFP application where plaintiff left income section and other relevant financial questions on the IFP "short form" blank).

Plaintiff's application is similarly incomplete. First, she neglects to provide both her gross and net income. *See* Appl. at 1. While Plaintiff indicates that she works at Tag Mobile and also collects ballot petitions, she does not state how much she earns from these activities. *See id*. Second, Plaintiff claims that she has received money from "Business, Profession or self employment" and "Federal or State welfare payments, Social Security or other government source[.]" *Id*. at 2. But again she does not state those amounts either. *See id*. Finally, Plaintiff provides conflicting information: she notes she is "presently employed" (*id*. at 1), but also responds to questions reserved for unemployed applicants (*id*. at 1-2). Without further explanation, the Court cannot assess whether Plaintiff's financial status qualifies her to proceed IFP. *See Sidman*, 2015 WL 1259157, at *2 (an IFP application "must include, at a minimum: Plaintiff's income in such a manner that the Court can accurately calculate annual income . . . and any debts or expenses that reduce monthly and yearly income.").

**CONCLUSION**

Based on the foregoing, the Court cannot determine whether Plaintiff is entitled to proceed IFP. Accordingly, the Court **ORDERS** Plaintiff to file a declaration amending her IFP application **by July 1, 2015**, in which she must answer the following questions:

(1) Whether she is presently employed, and if so, the amount of her gross and net salary or wages received per month. If Plaintiff is presently unemployed, she should state the date of her last employment and the amount of the gross and net salary or wages per month that she received from that prior employment.

(2) If she receives money from "Business, Profession or self employment" and/or "Federal or State welfare payments, Social Security or other government source," which specific sources provide those funds and how much does she receive from each per month?

If Plaintiff does not file a declaration responding to the questions above **by July 1, 2015**, her Complaint may be dismissed.

**IT IS SO ORDERED.**

Dated: June 17, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge