UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJAI CALIP,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E.I.C., et al.,<br><br>    Defendants. | Case No. 15-cv-02357-MEJ<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 3, 6 |

## INTRODUCTION

On May 27, 2015, pro se Plaintiff Tajai Calip filed two documents: (1) a Complaint against Defendants "Dr. Brooks" and insurance company "M.E.I.C." for the death of her infant daughter, Dkt. No. 1, and (2) an Application to Proceed In Forma Pauperis ("IFP"), Dkt. No. 3. On June 10, 2015, Plaintiff consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 5. Because Plaintiff's original IFP Application was incomplete, the Court ordered Plaintiff to provide supplemental information by July 1, 2015. Dkt. No. 6. Plaintiff submitted an amended IFP Application on July 10, 2015. Dkt. No. 8. For the reasons stated below, the Court **GRANTS** Plaintiff's In Forma Pauperis Application, but **DISMISSES** the Complaint **WITH LEAVE TO AMEND**.

## BACKGROUND

Plaintiff's three-page long Complaint is often difficult to understand, with little detail about the exact actions of each of the named Defendants. *See* Compl., Dkt. No. 1. From the Court's reading, it appears Plaintiff alleges Dr. Brooks instructed her to arrive at Alta Bates

Hospital for the delivery of her baby, a nine-month, full-term daughter. *Id.* at 1. Upon Plaintiff's arrival, Dr. Brooks was not present, and Plaintiff was "left in a room alone with a relative fighting for hours from very strong pains that increased after an I.V. by one of the [hospital] staffs that page[d] Dr. Brooks gave her." *Id.* at 2. By the time Dr. Brooks arrived, Plaintiff's baby had died. *Id.*

Plaintiff appears to assert two claims against Dr. Brooks and his insurance company, M.E.I.C.: homicide and medical negligence. *Id.* at 1. It also appears that Plaintiff filed an earlier action alleging the same claims against the same defendants in a state court. *See id.* at 2-3; *see also* Am. Appl. at 4 (referencing *Calip v. M.E.I.C. & Dr. Brooks*, Case No. RG11594419, Renee C. Davidson[1]). The Complaint indicates that Plaintiff appeared before a superior court judge for mediation but does not explain the current status of that mediation. *See* Compl. at 2-3. Plaintiff also states that the superior court "did not give her the court order she needed to collect on a statue [sic] case against the defendants." *Id.* at 2. She now seeks damages for $10 million from Defendants. *Id.*

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Having received Plaintiff's amended IFP Application, Plaintiff has now submitted the required information, and it is evident from that Application that the listed assets and income are insufficient to enable Plaintiff to pay the filing fees. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.     Legal Standard**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

---

[1] "René C. Davidson Courthouse" is the name of a courthouse in Oakland for the Superior Court of California, County of Alameda.

Section 1915(e)(2) mandates that the court reviewing an IFP complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshall pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e)(2)(B)(ii) parallels the language of Rule 12(b)(6)). As the Supreme Court has explained, "[the IFP statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court may dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Discussion**

Having carefully reviewed Plaintiff's Complaint, the Court has identified a number of grounds that require its dismissal at this time. However, because it is possible that Plaintiff may be able to cure the issues in her Complaint, the Court dismisses this case with leave to amend.

1.     <u>Subject Matter Jurisdiction</u>

First, Plaintiff has not shown that the Court has jurisdiction over this matter. "A plaintiff suing in federal court must show in [her] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if [s]he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment."

3

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010) (quotation omitted); *see also* Fed. R. Civ. P. 8(a)(1).

The United States Constitution limits the power of federal courts (such as this one) to hearing cases involving (1) parties with "diversity of citizenship," or (2) a federal question. U.S. Const., art. III § 2; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution or a statute"). Jurisdiction based on diversity of citizenship is available where no defendants have the same citizenship as the plaintiff and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332; *Tosco Corp.*, 236 F.3d at 499. "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). Federal question jurisdiction exists where a cause of action arises under the Constitution or laws of the United States. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citation omitted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (a court may dismiss an action under 28 U.S.C. § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . . .").

Plaintiff has not shown that the Court has either diversity or of federal question jurisdiction. While Plaintiff demands $10 million in damages (Compl. at 2), the Complaint does not address the citizenship of the parties. Rather, the Civil Cover Sheet indicates that Plaintiff is a resident of California, and the address provided for Dr. Brooks is in Walnut Creek, California, indicating no diversity. Dkt. No. 1-1. M.E.I.C.'s state residency is unknown. As such, Plaintiff has not established that the parties have diverse citizenship. Additionally, Plaintiff has not identified grounds for relief under a federal statute, nor has she alleged a constitutional violation. Consequently, without any basis for subject matter jurisdiction, the Court does not have the authority to hear Plaintiff's claims. Nonetheless, as Plaintiff may be able to allege facts showing

that the Court can exercise subject matter jurisdiction over her claims, the Court dismisses Plaintiff's Complaint with leave to amend.

2. Pleading Standard

Second, Plaintiff's Complaint fails to provide enough facts for the Court to determine whether Plaintiff can state a cognizable claim for relief. As noted above, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Pro se pleadings are subject to Rule 8(a)(2) but are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

The Court acknowledges the sensitive nature of the events alleged, but at present, the Complaint is not clear about what exactly happened to Plaintiff and how Dr. Brooks or M.E.I.C. precisely acted to cause Plaintiff injury. It is certainly possible that Plaintiff may be able to allege such facts, but as written, the Complaint is difficult to understand, and the Court cannot say at this time that Plaintiff has stated a cognizable claim for relief. Accordingly, the Court dismisses Plaintiff's Complaint under Rule 8(a), but does so with leave to amend in case Plaintiff is able to adequately describe the events giving rise to her claims and showing she is entitled to relief.

3. Plaintiff's State Case Involving the Same Claims

Finally, Plaintiff's Complaint indicates that she may have another lawsuit involving the same claims and the same defendants as in this case. Specifically, Plaintiff's Complaint states that "the dept. 18 Judge Marshal Whitley did not have an issue with the plaintiff mediating after finding the defendants but another Judge that was assigned in dept. 23 of Superior Court did not give her the court order she needed to collect on a statue [*sic*] case against the defendants." Compl. at 2; *see also* Am. Appl. at 4 (indicating a second case against Defendants). The presence of another case may require this Court to abstain from hearing this case.

First, while Plaintiff's Complaint is vague about the current status of her other lawsuit, in the event that Plaintiff is attempting to appeal a state court order, the Court is prohibited from doing so. Specifically, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction

over "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court . . . ." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quotation and internal marks omitted); *see also Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (doctrine also bars reconsideration of interlocutory orders and non-final judgments issued by a state court). Although, as noted, the status of Plaintiff's other case is unclear, to the extent Plaintiff seeks review of a state court's order(s) related to claims that are "inextricably intertwined" with issues in this case, the Court cannot hear such claims. *Feldman*, 460 U.S. at 486-87.

      Second, where a plaintiff brings similar causes of action in different courts, a federal court has discretion to stay or dismiss an action for purposes of judicial efficiency and economy. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In *Colorado River*, the Supreme Court provided a balancing test weighing four factors to determine whether sufficiently exceptional circumstances exist: (1) whether either court has assumed jurisdiction over the matter in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the concurrent forums obtained jurisdiction. *Id.* at 818. In *Moses H. Cone v. Mercury Construction Corporation*, the Court added two more: (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceeding can adequately address the rights of the federal plaintiff. 460 U.S. 1, 19 (1983). The Ninth Circuit has added another factor: (7) whether the exercise of jurisdiction would encourage forum-shopping. *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996). "These factors are to be applied in a pragmatic and flexible way, as part of the balancing process rather than a 'mechanical checklist.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting *Moses H.*, 460 U.S. at 16; additional citation omitted).

Given the lack of clarity about Plaintiff's other lawsuit, the Court is concerned that another court may already have jurisdiction over the claims at issue in this case, as well as that Plaintiff may be forum-shopping to avoid the decisions of another court. In any event, the desirability of avoiding piecemeal litigation is a strong factor, and as Plaintiff has asserted that she has another case involving the same claims and Defendants (*see* Am. Appl. at 4 (referencing *Calip v. M.E.I.C. & Dr. Brooks*, Case No. RG11594419, Renee C. Davidson)), the Court finds that the factors above tend to weigh in favor of dismissing this action unless Plaintiff can show that she does not have another lawsuit involving the same claims and Defendants as are present in this case.

## CONCLUSION

Based on the analysis above, the Court finds dismissal appropriate. However, given Plaintiff's pro se status and because it is not clear that the deficiencies of the Complaint could not be cured by amendment, the Court shall grant Plaintiff leave to amend. Accordingly, the Court **GRANTS** Plaintiff's IFP Application and **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. The Court also **VACATES** the Case Management Conference set for August 27, 2015 and all related deadlines pending Plaintiff's filing of an amended complaint. Any amended complaint must be filed **by August 31, 2015** or the Clerk of Court will close the file in this matter.

If Plaintiff files an amended complaint, it must demonstrate the basis for this Court's jurisdiction and why Plaintiff may proceed with this action if she has the same claims before another court. In addition, any amended Complaint must comply with the guidelines set forth in Rule 8(a). This rule requires that a complaint for relief include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. A pleading may not simply allege a wrong has been committed and demand relief; it must state the elements of the claim plainly and succinctly. Plaintiff must allege with at least some degree of particularity the facts in which the defendant(s) engaged to support the claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In addition, Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged and without reference to the earlier complaint.

7

The Court advises Plaintiff that she may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available online at: http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand/uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: August 3, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge