United States District Court
Northern District of California

| | |
|---|---|
| TAJAI CALIP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.E.I.C., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02357-MEJ<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 13 |

# INTRODUCTION

On May 27, 2015, pro se Plaintiff Tajai Calip filed a Complaint against Defendants "Dr. Brooks" and his insurance company "M.E.I.C." for the death of her infant daughter. Compl. at 1, Dkt. No. 1. She also filed an Application to Proceed In Forma Pauperis.[1] Dkt. No. 3. On August 3, 2015, the Court granted Plaintiff's In Forma Pauperis Application but dismissed her Complaint with leave to amend. Dkt. No. 12 ("Order"). Plaintiff timely filed an Amended Complaint on August 31, 2015. Am. Compl., Dkt. No. 13. For the following reasons, the Court **DISMISSES** the Amended Complaint **WITH LEAVE TO AMEND**.

# BACKGROUND

In Plaintiff's original Complaint, she alleged Dr. Brooks instructed her to go to Alta Bates Hospital for the delivery of her baby, a nine-month, full-term daughter. Compl. at 1. Upon Plaintiff's arrival, Dr. Brooks was not present, and Plaintiff alleged she was "left in a room alone with a relative fighting for hours from very strong pains that increased after an I.V. by one of the [hospital] staffs that page[d] Dr. Brooks gave her." *Id.* at 2. By the time Dr. Brooks arrived, Plaintiff's baby had died. *Id.* Plaintiff asserted claims against Dr. Brooks and his insurance

---

[1] Plaintiff consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) on June 10, 2015. Dkt. No. 5.

company, M.E.I.C., for homicide and medical negligence. *Id.* at 1. Plaintiff's Complaint and In Forma Pauperis Application also contained reference to another lawsuit alleging the same claims against the same defendants in the Alameda County Superior Court. *See id.* at 2-3; *see also* Am. Appl. at 4 (referencing *Calip v. M.E.I.C. & Dr. Brooks*, Case No. RG11594419, Renee C. Davidson).

In its Order dismissing Plaintiff's original Complaint, the Court noted that the Complaint "[wa]s often difficult to understand, with little detail about the exact actions of each of the named Defendants." Order at 1. The Court further noted confusion over the status of Plaintiff's state court lawsuit, explaining how the Complaint "indicate[d] that Plaintiff appeared before a superior court judge for mediation but d[id] not explain the current status of that mediation." *Id.* (citing Compl. at 2-3). The Court also highlighted that the Complaint stated "the superior court 'did not give her the court order she needed to collect on a statue [sic] case against the defendants.'" *Id.* at 2. The Court ultimately dismissed Plaintiff's Complaint with leave to amend after finding (1) she had not established the Court has subject matter jurisdiction over her claims; (2) her Complaint did not provide a short, plain statement showing she was entitled to relief as required by Federal Rule of Civil Procedure 8; and (3) Plaintiff's state court case appeared to prevent the Court from hearing the matter under the *Rooker-Feldman* doctrine. Order at 3-8.

Plaintiff timely filed an Amended Complaint, and from the Court's reading, Plaintiff now alleges claims relating to "an overdose of an unknown drug that stopped [Plaintiff's] daughter's heartbeat." Am. Compl. at 1. She alleges Dr. Brooks was negligent for "administering instructions about the drug over the phone to colleagues he worked with at Alta Bates hospital and not physically coming to take care of the matter himself." *Id.* Plaintiff's Amended Complaint also asserts claims for violations of her Fifth, Seventh, Eighth, Ninth, and Tenth Amendment rights. *Id.* at 3.

Plaintiff also discusses the mediation session, alleging that sometime before April 2012, the parties had a mediation session with "Judge Marshall Whitley," of the Alameda County

1  Superior Court.[2]  *Id.* at 2.  But it is unclear why Plaintiff raises this mediation session or how it

2  relates to her claims against Dr. Brooks or M.E.I.C.  The Amended Complaint also states Plaintiff

3  "filed for a default of judgment," while elsewhere she states she was "not being able to file her

4  default of judgment" and still elsewhere that "default of judgment was delayed until July 3, 2012,

5  when [Plaintiff] filed in Superior court[.]"  *Id.* (errors in original).  Again, it is unclear what

6  happened with this default judgment and how it relates to Plaintiff's claims against Dr. Brooks and

7  M.E.I.C.

8  In any case, to better and more efficiently understand the events and actions taken in

9  Plaintiff's state court lawsuit, the Court takes judicial notice of the docket and two orders filed in

10  that action.  *See* Fed. R. Evid. 201.  The reviewed orders show that the Alameda Superior Court

11  sustained a demurrer to Plaintiff's third amended complaint against M.E.I.C. without leave to

12  amend and ultimately entered judgment in favor of M.E.I.C.; the court also entered judgment in

13  favor of Dr. Brooks on January 8, 2013, because Plaintiff had not named him in her operative

14  complaint, operating as a dismissal of her claims against him.  *See* Alameda Superior Ct., Case

15  No. RG11594419, Judgment, entered Jan. 8, 2013.  It appears Plaintiff attempted to persuade the

16  state court to overturn those judgments, but it is not evident that any of her efforts were successful.

17  *See id.*, Order Denying Motion to Vacate/Set Aside, entered Feb. 20, 2014 (noting judgment was

18  entered in that matter on January 8, 2013).  Nor does it appear that she appealed these judgments.

### LEGAL STANDARD

20  A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. §

21  1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is

22  frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

23  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

24  *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

25  (en banc).  Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint

---

[2] Plaintiff included the address of the Superior Court where she attended the mediation—1225 Fallon Street, Oakland—which the Court takes judicial notice of as the "Rene C. Davidson Courthouse" in Oakland for the Superior Court of California, County of Alameda.

make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Rule 12(b)(6)). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" when it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007).

The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S.

4

544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## DISCUSSION

### A.  Subject Matter Jurisdiction

In its Order dismissing her original Complaint, the Court found Plaintiff had not established the Court has subject matter jurisdiction over this action. Order at 3. Plaintiff's Amended Complaint does not cure this issue.

"'[S]ubject-matter jurisdiction' refers to 'the courts' statutory or constitutional power to

5

adjudicate the case.'" *Pistor v. Garcia*, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)). Specifically, the United States Constitution limits the power of federal courts to hearing cases involving (1) parties with "diversity of citizenship," or (2) a federal question. U.S. Const., art. III § 2.

Subject matter jurisdiction based on diversity of citizenship exists when Plaintiff and all Defendants are citizens of differing states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "This statute[, 28 U.S.C. § 1332(a),] and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis added). "Complete diversity" of citizenship exists only when "*each* defendant is a citizen of a different [s]tate from *each* plaintiff." *Id.* (emphasis in original); *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983) (same).

The Court previously found it did not have subject matter jurisdiction based on diversity of citizenship because both Dr. Brooks and M.E.I.C. are residents of California. *See* Order at 4. Plaintiff's Amended Complaint now asserts "Dr. Brooks relocated" and she "assumed that he was in another state perhaps maybe even another country." Am. Compl. at 1-2. But even if the Court took this admitted assumption as true, there is still not complete diversity of citizenship among Plaintiff and all Defendants because both M.E.I.C. and Plaintiff are citizens of California. *See Dolch*, 702 F.2d at 182 (having citizens of California on both sides of the dispute "destroyed diversity jurisdiction"). As such, the Court does not have subject matter jurisdiction based on diversity of citizenship.

"Absent diversity of citizenship, federal-question jurisdiction is required" for the Court to have subject matter jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). Federal-question jurisdiction exists with "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citation omitted).

The Court previously found Plaintiff had not alleged facts showing it had subject matter jurisdiction based on a federal-question. Order at 4. Plaintiff's Amended Complaint asserts the Court has federal-question jurisdiction because she seeks to bring various constitutional claims against the Defendants. Am. Compl. at 3. Specifically, Plaintiff appears to assert federal question jurisdiction based on Defendants' alleged violations of her Fifth, Seventh, Eighth, Ninth, and Tenth Amendment rights. *Id.* But there is a threshold problem with Plaintiff's constitutional claims; namely, she asserts these claims against two private actors—i.e., persons who are not government or state actors. "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); *see also* 42 U.S.C. § 1983. The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuym, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1000 (2012). Nonetheless,

> conduct of a private individual constitutes state action when there is . . . "such a close nexus between the State and the challenged action" that the individual's conduct "may be fairly treated as that of the State itself," such as when the nominally private actor is "controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control."

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (internal quotations and citations omitted). Plaintiff alleges constitutional claims against a private individual and a private company without any allegations showing their conduct constituted state action. Without allegations demonstrating how and why Plaintiff may properly assert her constitutional claims against these Defendants, Plaintiff has not shown the Court has subject matter jurisdiction on the basis of a federal-question.

**B.    Plaintiff's State Court Action**

Even if Plaintiff could show the Court has subject matter jurisdiction based on diversity or a federal question, the Court may nevertheless be prevented from hearing this case to the extent Plaintiff seeks to appeal the judgments in her state court lawsuit.

1    As noted in the Court's previous Order, the *Rooker-Feldman* doctrine instructs that
2    "federal district courts are without jurisdiction to hear direct appeals from the judgments of state
3    courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *see Rooker v. Fidelity Tr. Co.*, 263
4    U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). "The doctrine bars a
5    district court from exercising jurisdiction not only over an action explicitly styled as a direct
6    appeal" and also "the 'de facto equivalent' of such an appeal." *Cooper*, 704 F.3d at 777 (*Noel v.
7    Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "It is a forbidden de facto appeal under *Rooker-
8    Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly
9    committed by the state court, and seeks relief from the judgment of that court." *Id.* at 778 (citing
10   *Noel*, 341 F.3d at 1163).

11   If a plaintiff is "bring[ing] a forbidden de facto appeal" such that the *Rooker-Feldman*
12   doctrine applies, the doctrine will also prohibit Plaintiff from litigating any issue that is
13   "inextricably intertwined" with the state court's judgment. *Id.* at 778-79. A claim is "inextricably
14   intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the
15   state court wrongly decided the issues before it," i.e. "[w]here federal relief can only be predicated
16   upon a conviction that the state court was wrong." *Id.* at 779 (quotation omitted); *see also Bianchi
17   v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (providing that claims are "'inextricably
18   intertwined' with the state court's decision" if "the adjudication of . . . [such] claims would
19   undercut the state ruling"). That said, the *Rooker-Feldman* doctrine "does not preclude a plaintiff
20   from bringing an 'independent claim' that, though similar or even identical to issues aired in state
21   court, was not the subject of a previous judgment by the state court." *Cooper*, 704 F.3d at 778
22   (citation omitted); *see also Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1297 (2011)
23   (emphasizing that the *Rooker-Feldman* doctrine is limited to cases "brought by state-court losers .
24   . . inviting district court review and rejection of the state court's judgments." (internal quotation
25   marks, alteration, and citation omitted)).

26   The Court previously noted that *Rooker-Feldman* may bar Plaintiff's claims in this Court
27   to the extent she seeks relief from a judgment in her state court lawsuit. Plaintiff's Amended
28   Complaint does not clarify the role her state court lawsuit has in the action before this Court.

United States District Court
Northern District of California

1  Plaintiff's Amended Complaint refers to this Court as a "higher court," Am. Compl. at 4, which
2  coupled with the fact that judgments were entered against her and in favor of Dr. Brooks and
3  M.E.I.C. in her state court case suggests she views this action as an appeal from the state court's
4  judgments. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) ("The clearest
5  case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as
6  a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court
7  judgment based on that decision." (quotation and internal marks omitted)).  Thus, to the extent
8  Plaintiff seeks review of the state court's judgment(s) or seeks to bring claims that are
9  "inextricably intertwined" with the state court judgment(s), the Court does not have subject matter
10 jurisdiction to hear such claims, and Plaintiff may not seek such relief by appealing to this Court
11 or any other federal district court.

### C.  Pleading Standard

The Court's prior Order also found that Plaintiff's original Complaint did not state a cognizable claim for relief, *see* Order at 5, and once again, Plaintiff's Amended Complaint does not fix this issue.  Under the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As the Rule indicates, a plaintiff should state her claims with precision, simplicity, and succinctness.  *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).  The purpose of this standard is to "give the defendant fair notice of [the claim] . . . and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (citation omitted).  Although a complaint "does not need detailed factual allegations, . . . [it] requires more than labels and conclusions." *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The standard thus "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the plaintiff's claim for relief. *Id.*  Although still subject to Rule 8(a)(2), pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

While Plaintiff's Amended Complaint provides slightly more detail than her original Complaint, even under the liberal pleading standards for pro se plaintiffs, the basic facts

9

underlying her claims are still unclear. The events that transpired and specific details of Defendants' involvement are vague, and there are no facts about any actions M.E.I.C. took or how they harmed Plaintiff, or even which claims Plaintiff asserts against M.E.I.C. Nor does Plaintiff state when she was in the hospital and when her child passed away, without which the Court cannot determine whether Plaintiff brought her claims within the applicable statute of limitations period. Furthermore, as noted previously, Plaintiff has not alleged any facts indicating why she may bring her constitutional claims against the currently named Defendants who are private actors and presumptively not subject to constitutional claims unless she can show why their conduct should be considered state action. In sum, without a clearer presentation of the facts showing how Defendants harmed Plaintiff and why she is entitled to relief in this forum, the Court must dismiss this action for failing to state a claim under Rule 8.

## CONCLUSION

Based on the above analysis, the Court **DISMISSES** the Amended Complaint **WITH LEAVE TO AMEND**. Any amended complaint must be filed **by November 12, 2015** or the Clerk of Court will close the file in this matter.

If Plaintiff files a second amended complaint, it must (1) state the grounds for the Court's subject matter jurisdiction over this case and supporting facts; and (2) provide a concise statement identifying each Defendant and the specific action or actions the Defendant took, or failed to take, that allegedly caused her injuries. Plaintiff is informed that as a general rule, the amended complaint supersedes the original, and therefore, each claim and the involvement of each Defendant must be sufficiently alleged without reference to the earlier complaints. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). Also, as previously noted, the Court does not have jurisdiction to hear appeals from a state court judgment. If Plaintiff seeks to appeal a state court's judgment, she must follow the proper appellate procedures of the California State Courts. Otherwise, to the extent Plaintiff brings an independent claim that was not the subject of the judgments by the state court, Plaintiff's second amended complaint should clarify this fact and why the events that took place in state court are relevant to her claims.

The Court again advises Plaintiff that she may wish to seek assistance from the Legal Help

Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you may speak with an attorney who may provide basic legal help but not representation. More information is available online at: http://cand.uscourts.gov/helpcentersf. Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trail. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: October 15, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge